UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Damon Lee Dunagan,

Petitioner,

v.

Nethanjah Breitenbach, *et al.*,

Respondents.

Case No. 3:26-cv-00399-ART-CSD

ORDER

Petitioner Damon Lee Dunagan, a *pro se* Nevada prisoner, commenced this action by filing a Petition for Writ of Habeas corpus (ECF No. 1-1) and an Application to Proceed *In Forma Pauperis* ("IFP" (ECF No. 1)). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For reasons discussed below, the Court directs service of the petition and sua sponte raises the issue of counsel.

**I. Background**

Dunagan challenges a 2011 judgment of conviction for burglary with use of a deadly weapon, attempted sexual assault with use of a deadly weapon, two counts of sexual assault with use of a deadly weapon, open lewdness or gross lewdness, and robbery with use of a deadly weapon. The state district court sentenced him as a habitual criminal to a term of life without the possibility of parole. Dunagan did not file a direct appeal.

It appears that Dunagan filed a motion to correct illegal sentence, which the state district court denied. The Nevada Court of Appeals affirmed the state district court's denial of relief. Dunagan initiated this habeas action. ECF No. 1.

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Following denial of his IFP application, Dunagan paid the filing fee. ECF Nos. 5, 6.

**II. Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

It appears that counsel may be helpful in this case. The Criminal Justice Act authorizes the court to appoint counsel "when the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Although the Court finds that the appointment of counsel is in the interests of justice given the apparent complexities of this case, including timeliness and exhaustion, and Dunagan's lengthy sentence, the Court is cognizant of the fact that Dunagan has not moved for the appointment of counsel. As such, the Court gives Dunagan 30 days to file a motion for the appointment of counsel. If Dunagan does not file such a motion or otherwise indicate that he does not wish for counsel to be appointed, the Court will not appoint counsel and will issue a scheduling order on the petition.

**III. Conclusion**

It is therefore ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondent, and (3) electronically provide Respondent's counsel a copy of this Order and all other items previously filed in this case by regenerating the Notices of Electronic Filing.

It is further ordered that Respondent's counsel enter a notice of appearance within 7 days of entry of this Order, but no further response will be required until further order.

It is further ordered that Dunagan has up to and including 30 days from the date of this Order to file a motion for the appointment of counsel if he wants counsel to be appointed to represent him.

DATED THIS 25th day of August, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE